SC:CCC/WMP/BDM/KKO
F. #2012R00953



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ADAM J. MANSON,

          Defendant.

- - - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

13 CR 453 (ADS)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ADAM J. MANSON (the "defendant") agree to the following:

1. The defendant will plead guilty to Count One of the above-captioned indictment, which charges conspiracy to commit securities fraud, a violation of 18 U.S.C. § 371. Count One carries the following statutory penalties:

    a.    Maximum term of imprisonment: 5 years
          (18 U.S.C. § 371).

    b.    Minimum term of imprisonment: 0 years
          (18 U.S.C. § 371).

    c.    Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
          (18 U.S.C. § 3583 (b) & (e)).

    d.    Maximum fine: $250,000, or twice the gross gain or gross loss, whichever is greater
          (18 U.S.C. § 3571(d)).

c. Restitution: Mandatory, in an amount to be determined by the Court at sentencing
(18 U.S.C. § 3663A).

f. Criminal forfeiture, as set forth below in paragraphs 6 through 11 (18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)).

g. Other penalties: Civil remedies, possibly including disgorgement, penalties and injunctive relief, sought in a separate action by the United States Securities and Exchange Commission.

h. $100 special assessment
(18 U.S.C. § 3013).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 35, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---|
| Base Offense Level (§ 2B1.1(a)(1)) | | 7 |
| Plus: | Loss amount of more than $50,000,000 (§ 2B1.1(b)(1)(M)) | +24 |
| Plus: | More than 10 victims (§ 2B1.1(b)(2)(A)(i)) | +2 |
| Plus: | Sophisticated Means (§ 2B1.1(b)(10)(C)) | +2 |
| Total: | | 35 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted,

2

pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 33 and a range of imprisonment of 135 – 168 months, assuming that the defendant falls within Criminal History Category I. However, because Count One carries a statutory maximum sentence of 60 months, the government estimates the effective Guidelines range to be 60 months. Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before May 12, 2014, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 32. This level carries a range of imprisonment of 121 – 151 months, assuming that the defendant falls within Criminal History Category I. However, because Count One carries a statutory maximum sentence of 60 months, the government estimates the effective Guidelines range to be 60 months.

    3.     The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

    4.     The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 60 months (the statutory maximum) or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to

additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

    5.    The Office agrees that:

        a.    no further criminal charges will be brought against the defendant for the fraud schemes detailed in Indictment 13-CR-453 (ADS), and any of the following or related conduct: (1) obtaining money from investors in the following investment funds: Pangea Offshore High Yield Portfolio, LLC; Pangea Global Opportunities Portfolio LLC; Diversified Global Investments (BVI) LP; Horizon Millennium Investments LP; The Masters Global Fund LP; Fiduciary Select Income Fund LP; and any other off-shore investment fund that the defendant controlled between 2004 and 2012; (2) audits by Deloitte & Touche of investment funds controlled by Brian R. Callahan; (3) obtaining loans and financing from the following lenders: Gibraltar Private Bank and Trust; Barclays Capital Real Estate, Inc.; CreXus Investment Corp.; Annaly Capital Management; and JP Morgan Chase; (4) the filing of false tax returns on Brian R. Callahan's behalf, and on behalf of the investment funds controlled by Brian R. Callahan, for tax years 2004 through 2012, and (5) the marketing and sales of the Panoramic View units; it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the indictment with prejudice;

and, based upon information now known to the Office, it will

        b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c).

Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5 (a)-(c).

6. The defendant acknowledges that property is subject to forfeiture as a result of his violation of 18 U.S.C. § 371. Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the defendant consents to the entry and/or forfeiture of the following:

(a) a forfeiture money judgment in the amount of two million five hundred thousand dollars and no cents ($2,500,000.00) (the "Forfeiture Money Judgment");

(b) approximately four hundred seven thousand three hundred sixty-six dollars and fifty-seven cents ($407,366.57) seized on or about August 1, 2013 from J.P. Morgan Chase Bank account number XXXXXX2092 held in the name of Barry Manson Attorney at Law Savings for Adam Manson, and all proceeds traceable thereto;

(c) approximately one million thirty-eight thousand two hundred sixty-six dollars and no cents ($1,038,266.00) seized on or about August 1, 2013 from First National Bank of Long Island account number XX-XXX1526 held in the name of Law Offices of Barry Manson PC ESC FBO Adam J. Manson, and all proceeds traceable thereto;

(d) the real property, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 272 Old Montauk Highway, Montauk, New York 11954 (the "Panoramic View");

5

(e) the real property, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 273 Old Montauk Highway, Montauk, New York 11954, designated as District 0300, Section 087.00, Block 02.00 and Lot 032.000 on the Suffolk County Tax Map (the "Adjacent Land"), and all proceeds traceable thereto;

(f) any and all shares of 93 Old Montauk Owners, Inc. (the "Co-Op"), a New York cooperative corporation, held in the name of Distinctive Ventures, LLC (the "Distinctive Shares"), together with the proprietary leases associated therewith for various units at Panoramic View, and all proceeds traceable thereto;

(g) any and all shares of the Co-Op held in the name of Brian Callahan and Sheri Callahan (the "Callahan Shares"), together with the proprietary lease for Cooperative Unit Salt Sea #4 at Panoramic View (the "Callahan Unit"), and all proceeds traceable thereto; and

(h) one hundred thirty-nine thousand two hundred fifty-four dollars and seventy-nine cents ($139,254.79) of the proceeds from the interlocutory sale of the real property, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 47 Clock Tower Lane, Old Westbury, New York 11568 (the "Old Westbury Property") in connection with the pending civil forfeiture action captioned United States v. 272 Old Montauk Highway, 12-CV-1880 (ADS) (ETB) (the "Civil Forfeiture Action"), and all proceeds traceable thereto (items (b) through (h), collectively, the "Forfeited Assets").

7. The defendant and the government agree that the amount of the Forfeiture Money Judgment and the Forfeited Assets represent (a) property, real or personal, that

constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 371 and/or (b) substitute assets pursuant to 21 U.S.C. § 853(p). The defendant's forfeiture of the assets and substitute assets constitutes disgorgement of proceeds received by the defendant to the extent the parties were able to determine at the time of this plea agreement. To the extent that the consent of Distinctive Ventures LLC or Distinctive Investments LLC (together, "Distinctive") is required to effectuate criminal or civil forfeiture of the Forfeited Assets, the defendant represents that he has authority to act on behalf of Distinctive as stated in this agreement. The defendant consents individually, and on behalf of Distinctive, to the entry of a Preliminary Order of Forfeiture as to the Forfeited Assets and the amount of the Forfeiture Money Judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. The defendant further consents individually, and on behalf of Distinctive, to the civil forfeiture of the Forfeited Assets and any other property to satisfy the Forfeiture Money Judgment as a substitute res, including but not limited to in connection with the Civil Forfeiture Action. The defendant further consents individually, and on behalf of Distinctive, to interlocutory sale of the Forfeited Assets in the Civil Forfeiture Action and the forfeiture of the proceeds thereof as a substitute res. The Forfeited Assets that are finally forfeited to the United States shall be deemed to be a part of the forfeiture imposed upon the defendant pursuant to this agreement, but the value thereof shall not be credited towards payment of the Forfeiture Money Judgment.

8. The defendant individually, and on behalf of Distinctive, shall fully assist the government in effectuating the forfeiture of the Forfeited Assets. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall pay the sum of five hundred thousand dollars and no cents ($500,000.00) towards the Forfeiture Money Judgment no later than ten (10) days after the date of entry of the

defendant's guilty plea (the "Initial Due Date"). The balance of the Forfeiture Money Judgment shall be paid in equal installments in the amount of five hundred thousand dollars and no cents ($500,000.00), which shall be due and payable no later than the twenty-second day of each month following the Initial Due Date until the Forfeiture Money Judgment is paid in full (the "Final Due Date"). If any payments towards the Forfeiture Money Judgment are not paid when due, interest shall accrue on any unpaid portion thereof at the judgment rate of interest. The Forfeiture Money Judgment shall be paid by certified or bank check, made payable to the "United States Marshals Service" and shall be delivered by overnight via Federal Express to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, at 610 Federal Plaza, Central Islip, New York 11722, with the criminal docket number noted on the face of the check.

9. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets or to any other property forfeited to satisfy the Forfeiture Money Judgment in any administrative or judicial proceeding. If payment of the Forfeiture Money Judgment is not made as provided above, the defendant consents to the forfeiture of any other property of his, real or personal, up to the value of the unpaid portion of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act or any other applicable law. The defendant agrees to individually, and on behalf of Distinctive, execute any documents to effectuate the forfeiture and interlocutory sale of the Forfeited Assets and the amount of Forfeiture Money Judgment. In addition, the defendant knowingly and voluntarily waives his and Distinctive's respective rights to notice in connection with the forfeiture of the Forfeited Assets and the entry of the Forfeiture Money Judgment, and individually and on behalf of Distinctive, waives any right, if any, to a jury trial on the forfeiture

of the Forfeited Assets and the entry of the Forfeiture Money Judgment, and individually and on behalf of Distinctive, waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeited Assets and the entry of the Forfeiture Money Judgment, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue.

10. The failure of the defendant individually, and on behalf of Distinctive, to forfeit the Forfeited Assets and any assets to satisfy the Forfeiture Money Judgment as required under this agreement, including the failure of the defendant to execute any document to accomplish the same or to consent to an interlocutory sale on timely notice to do so, shall constitute a material breach of this plea agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may pursue the pending charges against the defendant and may bring additional criminal charges against the defendant. The defendant and the government agree that the forfeiture of the Forfeited Assets and the entry or payment of the Forfeiture Money Judgment are not to be considered a fine, penalty, loss enhancement under the United States Sentencing Guidelines, a restitution loss amount, and/or a payment on any income taxes that may be due, and shall not be discharged in any bankruptcy proceedings.

11. The defendant also represents that he has disclosed all of his assets to the United States on the financial statement, titled "United States Department of Justice Financial Statement" and dated May 12, 2014 (hereinafter, the "Financial Statement"). The defendant agrees that a failure to disclose assets on the Financial Statement constitutes a failure to cooperate with the Office, and constitutes a material breach of this agreement. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest,

but failed to disclose on the Financial Statement, if any. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets.

12. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and the forfeiture stipulation attached as Exhibit A hereto (the "Forfeiture Stipulation"), the terms of which are incorporated herein by reference, and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement, together with the Forfeiture Stipulation, supersedes all

prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
May 12, 2014

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: _____
Christopher C. Caffarone
Winston M. Paes
Assistant United States Attorneys

Approved by:

_____
Sarah Coyne
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ADAM J. MANSON, *individually and on behalf of Distinctive Ventures LLC and Distinctive Investments LLC*
Defendant

Approved by:

_____
Robert J. Anello, Esq.
Counsel to Defendant