THE LAW OFFICES OF
# ANDREW J. FRISCH, PLLC

ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

JASON D. WRIGHT
ADMITTED IN NEW YORK, VIRGINIA
AND THE DISTRICT OF COLUMBIA
OF COUNSEL

June 19, 2019

*By ECF and Federal Express*

The Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        *Re: Brian Callahan v. United States and*
           *United States v. Adam Manson;*
           *Criminal Docket Number 13-453 (ADS)*

Dear Judge Spatt:

    I represent both defendants in the above-referenced cases: Brian Callahan, whose pending petition pursuant to 28 U.S.C. §2255 was filed in September 2018, and Adam Manson, whose sentencing is scheduled for June 28, 2019. I have previously advised the government that, if the law requires waiver of any conflict of interest in the particular context of this dual-representation, both defendants are prepared to so waive.

    With this letter, I am submitting applications for the following relief, discussed in greater detail in a supporting Memorandum of Law:

    (1) an order disqualifying the United States Attorney's Office from prosecuting either of these cases going forward in favor of another office to be appointed by the United States Department of Justice;

    (2) recusal of Your Honor and reassignment of this case for reasons explained in *United States v. Wilson*, 920 F.3d 155 (2d Cir. 2019), and in Mr. Callahan's pending Petition;

    (3) an order requiring the government to honor its plea agreement with Mr. Manson;

    (4) permission to supplement Mr. Callahan's pending petition based principally on the government's disclosure in February 2019 of a detailed financial spreadsheet underlying its calculation of fraud loss, together with subsequent

analysis of this spreadsheet completed a few weeks ago by the accounting firm Mazars USA and disclosed to the government; and

(5) Mr. Callahan's immediate release on bond because he has already served his legal Guideline sentence.

The relief of disqualification of the United States Attorney's Office is drastic and unusual, but so too are the circumstances of this case, which appear unprecedented. In sum, while both defendants committed serious frauds, the government's conduct of this case has crossed the line from fair advocacy into violation of basic rules that safeguard criminal process from arbitrary fact-finding and overreaching. While disqualification is usually not necessary to adjudicate this type of challenge, this case presents an unusual procedural posture: the government's violations have already resulted in the sentencing of one defendant based on a range under the United States Sentencing Guidelines more than ten years higher than the correct Guideline range under his indictment and plea agreement, and the government is pressing the same grossly erroneous range on a co-defendant who is awaiting sentence. As the accompanying papers explain, it is reasonable to question whether and to what extent this Office can represent the government at Mr. Manson's sentencing without concern for its own personal and professional liability for its violations against Mr. Callahan.

I do not seek disqualification lightly. I am a former member of this United States Attorney's Office and hold the Office and its members in high regard. But my obligation to follow the facts where they lead outweighs any reluctance to call out what the facts establish. My position, repeatedly reconsidered and tested, is that the government violated its plea agreements and failed its duty of candor to the Court, resulting in a sentencing of Mr. Callahan on multiple false premises and the prospective sentencing of Mr. Manson on those same false premises. The viability of plea agreements going forward will be irreparably compromised if the government, as it did here, is permitted so dramatically to change an indictment and plea agreements when it is dissatisfied that the Sentencing Guidelines do not produce as severe a sentence as the government would prefer. Sentencing is entirely up to the Court; it is not for the government to gerrymander an exaggerated sentencing range.

The defense has done its best to work through these issues efficiently. On February 6, 2019, the Chief of the United States Attorney's Criminal Division responded to defense counsel's expressed concerns about this case by asking the assigned prosecutor if he would provide defense counsel with a fifteen-page spreadsheet of 32 columns and 1,917 rows as the basis for the government's position that its fraud loss comports with the indictment and plea agreements. Upon the government's disclosure of the spreadsheet, defense counsel immediately provided it to Mazars USA ("Mazars"), a highly-respected accounting firm. The subsequent work required virtually weekly meetings with the incarcerated Mr. Callahan and other time-consuming steps to produce reliable conclusions. We appreciate the Court's accommodation of our corresponding applications for more time.

Meanwhile, as further discussed in the accompanying papers, we respectfully request an immediate hearing on Mr. Callahan's application for bond pending resolution of his petition as he has already served his legal Guidelines sentence.

                                                Respectfully submitted,

                                                /s/
                                                Andrew J. Frisch

cc: AUSA Cafferone
    U.S.P.O. Langone

Enclosures